Nott, J.
I think the plaintiff was entitled to a verdict in this case on the plea of non est factum. The condition of the bond was not submitted to the jury for the purpose of de-determining whether the plaintiff was entitled to a verdict; for that had been already decided on the general issue. But the sole question was the amount of damages he had sustained. If however, upon that enquiry, it had appeared that he had sustained no actual injury, the court would not perhaps have granted a new trial, merely for the purpose of saving the plaintiff the costs.
The second question is more a matter of form than suh>-stance. In the case of Mitchell vs. Dawkins, (Harper 479;) the court decided that the defendant should have ruled the plaintiff to submit the éondition of the bond to thej ury; but in that case no notice was given of such an intended motion, until after court had adjourned. In this case the motion was made while the case was before the jury on the other plea. A rule in such case would be a.mere formal ceremony.... If the plaintifffytxá *247 objected upon the ground of surprise or of not being prepared to go into the case, I think it would have been a good objection. But he does not put it on that ground. This motion 'therefore ought not to prevail.
Williamson and Clinton, for the motion.
Miller and Dunlap, contra.
1 am of opinion however that he is entitled to a new trial on the third ground. A parol release cannot prevail against a deed. But in this case there was no prooí even of a parol release. There was a promise to release if the two other negroes were delivered. But there was no proof that the condition on which the promise was made was ever performed. It was proved that he had the two Georges in his possession. But there was no proof that they were delivered to him by the defendant. The plea of release was' gpt sustained, and a new trial must therefore be granted.